IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOARD OF COUNTY COMMISSIONERS, SEDGWICK COUNTY, KANSAS, | |
| Plaintiff, | |
| vs. | Case No. 06-1197-JTM |
| CKR REALTY, LLC, et al., | |
| Defendants. | |

MEMORANDUM AND ORDER

Defendant, Mason L. Wilson (Wilson), acting *pro se*, filed a Notice of Removal of this case from the District Court, Eighteenth Judicial District, Sedgwick County, Kansas, on July 5, 2006. Order Granting IFP Status and Report and Recommendation of Remand to State Court or Dismissal ("Order"). Wilson used a caption indicating that he was the "plaintiff" and The Board of County Commissioners of the County of Sedgwick, Kansas, was the defendant. *Id*. The pleading was entitled, "Notice of Removal, Rule 81.1, Removal from State Courts." *Id*. The Civil Complaint filed by Wilson was on a form provided by the court for pro se parties, and in "Section IV, Relief," Wilson stated: "Grant Plaintiff Motion for Removal from State Court, to Federal Court, and Grant Plaintiff a jury trial so that he can Prove his case." *Id*. Wilson stated at the end of the Civil Complaint that he was designating Kansas City as the place of trial. *Id*. The underlying state court case for which Wilson sought removal was a tax foreclosure action involving multiple parcels of real property and numerous defendants who were owners of the

subject parcels. *Id*. In the Notice of Removal, Wilson requested that the court "make an order, to give Defendant 6 months to pay the taxes in full, or allow him to pay $100 per month until the taxes has (sic) been paid in full." *Id*.

After notice in early June 2006 that a journal entry of foreclosure would soon be filed, Wilson filed for removal of this case on July 5, 2006, following a stay of execution of the judgment in state court in March 2006. The district court formally entered judgment on June 15, 2006. *Id*. Thereafter, Magistrate Judge Bostwick determined that the case was not removable under 28 U.S.C. § 1441 because it failed to state any facts which established this court's jurisdiction based on diversity of citizenship or upon a federal question. Wilson thereafter filed a Reply to Magistrate Judge Bostwick's Order which states: "Plaintiff asked this court to see Exhibit 2 Journal Entry of Judgment dated: June 15, 2006, which clearly shows there is no defendant CKR Realty, LLC. Therefore this case should be dismissed and not remanded back to state court, because the defendant's case is in Kansas City, Kansas, No. #06-2283-KHV with the notice of removal." Wilson's Reply to Order, at pg. 1.

As the court noted in its order, actions which may be removed from state to federal court are outlined in 28 U.S.C. § 1441. These are cases (1) where there is diversity of citizenship between the parties such that this court would have had original jurisdiction had the case been filed in federal court and (2) civil actions where the federal court would have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States. *Id*.

Wilson's Notice of Removal fails to establish facts which would warrant a removal from state to federal court. The notice does not state facts which would establish jurisdiction based on

2

diversity of citizenship or upon a federal question.  Therefore, this court finds that Wilson's attempt to remove this case fails.

IT IS ACCORDINGLY ORDERED this 22nd day of September, 2006, that Wilson's Notice of Removal (Dkt. No. 1) is denied.

s/ J. Thomas Marten           
J. THOMAS MARTEN, JUDGE
